```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT
```

ROBERT HAWKINS                     :
                                   :              PRISONER
    v.                             :  Case No. 3:05CV141(WWE)
                                   :
CONNECTICUT VALLEY HOSPITAL, et al.:

                       MEMORANDUM OF DECISION

Robert Hawkins ("Hawkins"), a patient at Connecticut Valley Hospital in Middletown, Connecticut, commenced this civil rights action against defendants Connecticut Valley Hospital, Ivan Ortiz and Stephen Outlaw.  On April 26, 2005, the court noted that the complaint did not comply with the requirements of Rule 8(a), Fed. R. Civ. P., because Hawkins included no information regarding defendants Ortiz and Outlaw.  The court ordered Hawkins to file an amended complaint within twenty days.  Hawkins has not complied with this order.  For the reasons that follow, the complaint will be dismissed.

I.   Standard of Review

Hawkins has met the requirements of 28 U.S.C. § 1915(a) and has been granted leave to proceed in forma pauperis in this action.  The district court is required to screen all cases filed in forma pauperis and dismiss any case that is frivolous or fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915 (e)(2)(B)(i) - (iii).  In conducting its review, the court accepts plaintiff's factual allegations as true and draws all inferences in plaintiff's favor.  See Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000).  If the court determines that plaintiff

can prove no set of facts that would entitle him to relief, dismissal is appropriate.  See id. at 597.  In addition, the court permits a pro se plaintiff to amend his complaint unless the court concludes that an amended complaint could not possibly state a cognizable claim.  See Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999).

In order to state a claim for relief under section 1983 of the Civil Rights Act, Hawkins must satisfy a two-part test.  First, he must allege facts demonstrating that defendant acted under color of state law.  Second, he must allege facts demonstrating that he has been deprived of a constitutionally or federally protected right.  See Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982); Washington v. James, 782 F.2d 1134, 1138 (2d Cir. 1986).

## II. Facts

Hawkins was confined at Connecticut Valley Hospital pursuant to a court order that he be restored to competency to stand trial.  He was assaulted by an unidentified staff member on December 20, 2004.  Hawkins also suspects that "defendants" tampered with his food by adding chemicals that were not prescribed by his psychiatrist.

## III. Discussion

A state agency or entity, such as a state university or hospital, is not a "person" within the meaning of section 1983.

See Cassells v. University Hosp. at Stony Brook, 1987 WL 3717, at *4 (E.D.N.Y. Jan 12, 1987) (holding that section 1983 claims against state university and university hospital fail because neither entity is a person within the meaning of section 1983). Connecticut Valley Hospital is an inpatient treatment facility operated by the Connecticut Department of Mental Health and Addiction Services.  See www.dmhas.state.ct.us/inpatient.htm. Thus, it is not a person subject to suit under section 1983.  All claims against Connecticut Valley Hospital lack an arguable legal basis and will be dismissed.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Hawkins also names as defendants Ivan Ortiz and Stephen Outlaw.  He does not provide an address for either defendant. Thus, the court cannot discern whether these defendants are patients or employees of Connecticut Valley Hospital.  In addition, Hawkins makes no reference to either defendant in his brief statement of facts.

On April 26, 2005, the court informed Hawkins that Rule 8(a), Fed. R. Civ. P., requires that he include a statement of his claim against each defendant and notified him that his complaint did not satisfy this requirement with regard to defendants Ortiz and Outlaw.  The court afforded Hawkins twenty days, until May 15, 2005, to file an amended complaint specifying his claims against defendants Ortiz and Outlaw.  Although the

deadline expired six weeks ago, Hawkins still has not responded to the order.

The court concludes that the complaint lacks a factual basis for any claim against defendants Ortiz and Outlaw.  Thus, all claims against them will be dismissed.

IV.  Conclusion

All claims against Connecticut Valley Hospital are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as lacking an arguable legal basis.  All claims against defendants Ortiz and Outlaw are **DISMISSED** pursuant to 28 U.S.C. 1915(e)(2)(B)(i) as lacking a factual basis and for failure to comply with the court's order to file an amended complaint.

The dismissal is without prejudice to filing a motion to reopen judgment with regard to the claims against defendants Ortiz and Outlaw.  The motion must be filed within **twenty (20)** days from the date of this ruling and must be accompanied by an amended complaint which includes addresses for each defendant and a statement of the claim asserted against each defendant.  If no motion to reopen is filed within the specified time, the claims are dismissed with prejudice.

**SO ORDERED** this 30th day of June, 2005, at Bridgeport, Connecticut.

_____/s/_____
Warren W. Eginton
Senior United States District Judge